IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| MANHEIM AUTOMOTIVE FINANCIAL SERVICES, INC., | : |
| Plaintiff, | : |
| v. | : Case No.: 4:11cv21 |
| PETTIE'S, INC., DOUGLAS L. PETTIE and BARBARA PETTIE, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

This matter is before the Court to resolve an unopposed motion for summary judgment filed by floor plan lender, Manheim Automotive Financial Services, Inc. ("MAFS") against a corporate borrower, Petties, Inc. ("Borrower"), and two individual guarantors (collectively, the "Petties"). While the motion was pending, the Petties filed a bankruptcy petition, (ECF No. 12 at 1), and the Court stayed this action against them individually. (ECF No. 13). It now proceeds solely against the Borrower. The motion was referred to the undersigned on June 7, 2011 pursuant to 28 U.S.C. § 636 (b)(1)(B) and Federal Rule of Civil Procedure 72 (b). For the reasons that follow, the undersigned recommends the Court grant the motion and enter judgment against the Borrower.

## RECOMMENDED FINDING OF FACT

Pettie's Inc. is a Virginia corporation, (ECF No. 1 at 1), which entered into an Inventory Finance and Bridge Line of Credit Security Agreement ("Security Agreement") with MAFS on January 25, 2010. (see ECF No. 10-1). Under the Security Agreement, MAFS provided the

1

Borrower with a maximum advance of $200,000 for the purchase of a Vehicle Inventory. (ECF No. 10 at 3). In exchange, the Borrower promised certain property, including the Vehicle Inventory, as security for the loan. Id. The Borrower also executed a promissory note ("Note"), whereby it pledged to repay any of the unpaid balance of the loan according to the terms contained in the Security Agreement. (ECF No. 10-2 at 1).

The Borrower failed to make timely loan payments by selling vehicles without remitting the sales' proceeds to MAFS, a practice referred to as "selling out of trust," thereby defaulting on both the Security Agreement and the Note. Id. MAFS repossessed five units of the Vehicle Inventory, informed the Borrower that it intended to sell the vehicles and apply any proceeds to the unpaid debt, and proceeded to resell them at a loss. (ECF No. 10 at 3-4). The total outstanding amount owed to MAFS, specifically including the resale loss, transportation costs associated with the repossession, and the total loss from vehicles sold out of trust, was $92,813.45 as of May 12, 2011. (Id. at 4). Pursuant to the Security Agreement and Note, interest continues to accrue at the rate of $17.34 per day. Id. The Borrower has made no payments since default. (ECF No. 10 at 4).

## ANALYSIS

Federal Rule of Civil Procedure 56 requires the Court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). "A material fact is one 'that might affect the outcome of the suit under the governing law.' A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (quoting Anderson v. Liberty Lobby,

2

Inc., 477 U.S. 242, 248 (1986)).

The party seeking summary judgment has the initial burden of informing the Court of the basis of its motion and identifying materials in the record it believes demonstrates the absence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 322-25. When the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

In considering a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). See also Anderson, 477 U.S. at 255. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

But a party's failure to rebut a motion with sufficient evidence will result in summary judgment when warranted. A motion for summary judgment may not be defeated by evidence that is "merely colorable" or "not sufficiently probative." M&M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc., 981 F. 2d 160, 163 (4th Cir. 1993) (quoting Anderson, 477 U.S. at 249-50).

In the present case, the moving party, MAFS, supported its motion with the affidavit of Russ Sample ("Sample"), a Risk Analyst for MAFS who was personally responsible for the management of the Borrower's accounts. (ECF Nos. 9, 10 at 1). Sample is over eighteen years of age and is competent to testify to the facts contained in his affidavit. Id. at 1-2. Thus, facts as

3

to which Sample attests must be disputed by the nonmoving party in a way that does "more than simply show that there is some metaphysical doubt . . . ." Matsushita Elec. Indus. Co., 475 U.S. at 586.

In this case, the Borrower has made no attempt to refute any of the factual allegations provided by Sample. The motion was filed on May 20, 2011. The Borrower, though represented by counsel, has failed to respond in any manner, and the time for responding has now expired. See Local Rule 7(F). Accordingly, in the absence of any dispute, this Court considers the legal issues surrounding the alleged breach of the Borrower's contractual obligations with MAFS in light of the uncontested facts attested to by Sample. See Fed. R. Civ. Pro. 56(e).

Applying these uncontested facts to the law governing the parties' agreement begins by resolving which law applies. MAFS notes that there is a discrepancy between the choice of law clauses in the Security Agreement and the Note. (ECF No. 9 at 6). The clause in the Security Agreement provides that it and all other loan documents are governed by Georgia law, (ECF No. 10-1 at 6, ¶ 21), whereas the clause in the Note provides that it is governed by the laws of Virginia. (ECF Nos. 10-2 at 3, 9 at 6). The undersigned finds that the law of Georgia should apply as the Note is subordinate to the Security Agreement in defining the parties' rights and obligations, and is subsumed in the Security Agreement's forum selection clause.

The elements to prove breach of contract under Georgia law are similar to the Virginia requirements.[1] Under Georgia law, after establishing the existence of a legal contract, a party must prove the existence of "the breach and the resultant damages to the party who has the right to complain about the contract being broken." Budget Rent-A-Car v. Webb, 469 S.E.2d 712, 713 (Ga. Ct. App. 1996) (quoting Graham Bros. Constr. Co. v. C.W. Matthews Contracting Co.,

---

[1] Under Virginia law, the elements of an action for breach of contract include: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Filak v. George, 594 S.E.2d 610, 619 (Va. 2004).

4

284 S.E.2d 282, 286 (Ga. Ct. App. 1981). See also TechBios, Inc. v. Champagne, 688 S.E.2d 378, 381 (Ga. Ct. App. 2009); Odem v. Police Acad., 510 S.E.2d 326, 331 (Ga. Ct. App. 1998). Thus, whether the contract breached is the Note or the Security Agreement, the result is the Borrower in this case clearly breached its contractual obligations.

Sample's affidavit establishes the existence of a binding contract between MAFS and the Borrower in both the Security Agreement and the Note. (See ECF Nos. 9 at 7-8, 10-1, 10-2). The Borrower breached its obligations under both documents by selling vehicles out of trust, and failing to make timely payments under the terms of the loan documents. (ECF No. 10 at 3). In addition to the monetary loss suffered by MAFS as a result of the vehicles sold out of trust, Plaintiff also suffered losses associated with the repossession and reselling of certain vehicles. Id. at 3-4. The total damages suffered by MAFS as a result of Borrower's breach of contract amounted to $92,813.45 as of May 12, 2011. Id. at 4. That amount has continued to increase by a daily interest rate of $17.34. Id. These facts are undisputed.

Thus, MAFS has proved – via the uncontested affidavit of Sample – the existence of a binding contract between the Borrower and MAFS, the Borrower's breach of that contract, and resultant damages suffered by MAFS. Accordingly, the undersigned recommends the Court grant MAFS's motion for summary judgment against the Borrower.

## **RECOMMENDATION**

Because the defendant, Petties Inc., has provided no evidence to establish a genuine issue for trial, the undersigned recommends that the Motion for Summary Judgment be GRANTED, and judgment be entered in favor of MAFS and against Petties, Inc. in the amount of $92,813.45 plus interest at the annual rate of 6.82%[2] from May 12, 2011.

---

[2] The Court extrapolated an annual interest rate based on the total outstanding debt owed by Petties, Inc. of $92,813.45 and the per diem interest rate of $17.34 cited to the Court in Sample's affidavit. (ECF No. 10 at 4).

# REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia
June 21, 2011